IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALBERTO TORRES, et al.,
Plaintiffs,

v.

HACIENDA MADRIGAL, INC., et. al.,
Defendants.

CIVIL NO. 15-1629 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

The present case stems from a fall minor Plaintiff A.T.R. suffered while horseback riding on the premises of Defendant Hacienda Madrigal on May 28, 2014. Plaintiffs are Alberto Torres, his wife Claribel Ramírez, and their daughters Melissa Torres Ramírez and A.T.R. (hereinafter collectively "Plaintiffs"). Plaintiffs aver that, after they went on a horseback tour at Hacienda Madrigal, several unsavory incidents occurred which culminated in A.T.R.'s horse rearing up and falling on top of her twice due to Hacienda Madrigal's negligence. As a result thereof, A.T.R. sustained a severe blow to the head, causing a depressed cranial fracture and four fractures to her left elbow. Plaintiff A.T.R. then had to undergo surgery, rehabilitation, reconstructive surgery and initially suffered from auditory hallucinations, changes in behavior, and had difficulty walking and speaking. Today, A.T.R. continues to suffer from memory loss, strong headaches, and lightheadedness as a result of the accident. A.T.R. is now homeschooling and is unable to participate in many extracurricular activities that she previously enjoyed. Plaintiffs claim damages in the form of physical and mental injuries, mental and emotional anguish, ongoing pain and suffering, and economic losses under Article 1802 of Puerto Rico Civil

Code, P.R. Laws Ann. tit. 31, § 5141. Defendants are Hacienda Madrigal, Inc., a for-profit corporation incorporated under the laws of the Commonwealth of Puerto Rico, which allegedly owns, operates, controls and/or manages the property where Plaintiff A.T.R.'s accident took place, and several unknown defendants.

Before the Court now is Defendant Hacienda Madrigal's Motion to Dismiss for Lack of Jurisdiction (Docket No. 10) and addendum thereto (Docket No. 12); Plaintiffs' Opposition (Docket No. 19); Defendant's Reply to Plaintiffs' Opposition (Docket No. 25); and Plaintiffs' Supplemental Motion to their Opposition. (Docket No. 41).

Hacienda Madrigal argues the Court lacks personal jurisdiction over it, insofar as Plaintiffs signed a full release which contained a forum selection clause that explicitly renounced the jurisdiction of the federal court and whereby they agreed to litigate any dispute arising from the contract exclusively in the Courts of the Commonwealth of Puerto Rico. Citing to the landmark case of M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907 (1972), Defendant Hacienda Madrigal avers that, since forum selection clauses are presumed valid absent a strong showing that they should be set aside, the instant case should be dismissed and litigated in the Commonwealth's Courts.

In turn, Plaintiffs posit the dismissal should be denied on three separate grounds, to wit: 1) the contract is one of adhesion and unclear, and must therefore be interpreted in favor of Plaintiffs; 2) the release clause must be deemed invalid as an exculpatory clause; and 3) the waiver of a minor's rights by a parent contravenes Puerto Rico public policy and thus, the waiver should be deemed invalid. As an alternative to these reasons,

Case 3:15-cv-01629-CVR   Document 46   Filed 01/13/16   Page 3 of 7

Alberto Torres, et al., v. Hacienda Madrigal, Inc., et al.
Civil No. 15-1629 (CVR)
Opinion and Order
Page 3

after Defendant Hacienda Madrigal filed its Reply, Plaintiffs filed a supplemental motion indicating that Hacienda Madrigal had previously litigated a case before this Court regarding the same contract object of the present case, and the jury was asked to determine whether the language of the release was "clear, conclusive and unequivocal", and thus valid under Puerto Rico law. The jury apparently answered that question in the negative, as they awarded Plaintiffs a favorable verdict in that case. Plaintiffs therefore ask this Court to allow the instant case to proceed in federal court and the release be considered invalid or, in the alternative, that the validity of the release signed by Plaintiffs be considered an issue of fact to be determined by the jury.

## LEGAL ANALYSIS

The question of whether to enforce a forum selection clause is ordinarily one of federal law. D.I.P.R. Mfg. v. Perry Ellis Int'l, Inc., 472 F. Supp. 2d 151, 153-154 (D.P.R. 2007) (*citing* Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-31 (1988)). Considering the similarities between federal and Puerto Rico law regarding the enforcement of forum-selection clauses, the Court of Appeals for the First Circuit has also applied federal law when interpreting said clauses in a diversity context such as the present case. Perry Ellis, 472 F. Supp. 2d at 154; Unysis Puerto Rico v. Ramallo Bros. Printing, Inc., 128 P.R. Dec. 842 (1991).

Defendant Hacienda Madrigal contends in its Reply that Plaintiffs' Opposition deals with issues that were not raised in its Motion to Dismiss. In fact, Defendant urges the Court to simply apply the M/S Bremen requirement across the board, namely, that

since forum selection clauses are presumed valid, the Court should automatically deem this one valid as well. Defendant forgets the M/S Bremen holding is not limited to the presumption of validity and further, that said presumption is not automatic. Although generally, "there is a strong presumption in favor of the plaintiff's choice of forum", when parties agree to a forum selection clause, "it is the resisting party who must show the unreasonableness of enforcement under the circumstances." Rafael Rodríguez Barril, Inc. v. Conbraco Indus., 2009 WL 1940424, at *3 (D.P.R. June 30, 2009) (*citing* Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) and M/S Bremen, 407 U.S. at 10 (1972)). Therefore, in analyzing the validity of a forum selection clause in the context of a motion to dismiss, the clause is presumed valid unless the opposing party can show the clause to be unreasonable, unjust, or invalid due to fraud. Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001); see also Mercado-Salinas v. Bart Enters. Int'l, 669 F. Supp. 2d 176, 184 (D.P.R. 2009). The burden then shifts to the resisting party to show that "the particular clause: 1) was not 'freely negotiated' or was the result of fraud; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) the party challenging its enforceability shows that trial in the contractual forum will be so gravely difficult that it will, for all practical purposes, be deprived of its day in court." Marrero v. Aragunde, 537 F. Supp. 2d 305, 308 (D.P.R. 2008); see also Perry Ellis, 472 F. Supp. 2d at 154. This is Plaintiffs' argument in the present case.

The Court gives short shrift to the Motion to Dismiss, as it is evident that the contract in question is poorly drafted and confusing. Without belaboring the point, the

agreement first states that the signatory agrees not to present *any* complaint whatsoever, whether it be in state or federal court, and later changes this, limiting the filing of claims exclusively to the Commonwealth's Courts. Clearly, this language is incompatible in itself. Defendant cannot seriously contend that this mutually exclusive language can constitute a valid waiver, and that this was somehow clear in the mind of the signatory. Puerto Rico law obviously favors contractual relations that place the parties on equal footing, and disfavors inequality. See P.R. Laws Ann. tit. 31, § 3478 ("The interpretation of obscure stipulations of a contract must not favor the party occasioning the obscurity"). This has long been the law and the position of the Puerto Rico Supreme Court. See González v. Coop. Seguros de Vida de P.R., 117 D.P.R. 659 (1986) (Ambiguities in a contract should be construed against the party who drafted it); see also La Sagrada Familia Cooperative v. Castillo, 107 P.R.R. 405 (1978); Herrera v. First National City Bank, 103 D.P.R. 724 (1975); R. C. Leasing Corp. v. Williams Int., Ltd., 103 D.P.R. 163 (1974); Martin v. Vector Co., Inc., 498 F.2d 16 (1974); Ulpiano Casal, Inc. v. Totty Mfg. Corp., 90 P.R.R. 719 (1964); Prieto v. Hull Dobbs Co., 88 P.R.R. 407 (1963); and Barreras v. Santana, 87 P.R.R. 215 (1963). The fact that the waiver language in the contract is so clearly contradictory when dealing with such an important issue such as waiver of minor's rights and jurisdiction discredits Defendant's position.

Furthermore, the Court agrees with Plaintiffs that Puerto Rico's public policy disfavors renouncing the rights of minors. While Defendant is correct in stating that the cases cited by Plaintiffs deal with forum selection clauses in the context of hospital

Case 3:15-cv-01629-CVR   Document 46   Filed 01/13/16   Page 6 of 7

Alberto Torres, et al., v. Hacienda Madrigal, Inc., et al.
Civil No. 15-1629 (CVR)
Opinion and Order
Page 6
_____

admissions and procedures, Defendant cannot deny the multiple provisions contained in the Civil Code protecting the rights of minors, which Plaintiffs cite to and discuss in their Opposition.  See P.R. Laws Ann. tit 31, § 617 (appointing judicial defender to protect minor child's interests); P.R. Laws Ann. tit. 31, § 6091 (parents must represent and protect the rights of the child); P.R. Laws Ann. tit. 31, § 229 (parents cannot alienate or encumber child's property valued at over $2,000); P.R. Laws Ann. tit. 31, § 786 (listing of tutor's actions that require prior judicial authorization).   This non-exhaustive listing of articles geared to protect a minor child squarely applies to this case, where the damages suffered by minor A.T.F., described in the Complaint, seem serious and substantial.  In light thereof, and taking the detailed allegations contained in the Complaint as true, as the Court must do at this stage, the Court is not in a position to dismiss this case.

Whether or not the contract and waivers are invalid as they were signed, the circumstances surrounding the signing and what Plaintiffs understood by the waivers and the contract itself are all issues of fact that a jury must determine.

In light of the above, Defendant Hacienda Madrigal's Motion to Dismiss for Lack of Jurisdiction (Docket No. 10) is DENIED, without prejudice of being raised again at trial.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss for Lack of Jurisdiction (Docket No. 10) is DENIED, without prejudice of being raised again at trial.

IT IS SO ORDERED.

<u>Alberto Torres, et al., v. Hacienda Madrigal, Inc., et al.</u>
Civil No. 15-1629 (CVR)
Opinion and Order
Page 7
_____

    In San Juan, Puerto Rico, on this 13th day of January, 2016.

                          S/CAMILLE L. VELEZ-RIVE
                          CAMILLE L. VELEZ RIVE
                          UNITED STATES MAGISTRATE JUDGE