IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALBERTO TORRES, et. al.,

Plaintiffs,

v.

HACIENDA MADRIGAL, INC., et. al.,

Defendants.

CIVIL NO. 15-1629 (CVR)

## OPINION AND ORDER

## INTRODUCTION

Before the Court is a "Motion to Exclude the Testimony of Jill Cooke" filed by co-Defendants Hacienda Madrigal, Inc., Integrand Assurance Co. and Criadero La Gloria (hereinafter collectively "Defendants"). Defendants aver that Plaintiffs' expert, Ms. Jill Cooke, should not be allowed to testify at trial because she is not sufficiently qualified as an expert to offer an opinion in the field of horse and rider behaviors as a source for causality in this case. Moreover, even if qualified, Defendants claim that her methodology is not reliable under Federal Rule of Evidence 702 and her testimony shows that her opinion lacks factual and scientific basis. (Docket No. 78, p. 1). Plaintiffs have proffered a variety of reasons in opposition to Defendants' Motion. (Docket No. 81).

For the following reasons, the Court DENIES Defendants' Motion.

## ANALYSIS

Federal Rule of Evidence 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

A review of the case law after Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 595, 113 S.Ct. 2786 (1993) shows that the rejection of expert testimony is the exception, rather than the rule. The Daubert case did not work a "seachange over federal evidence law," and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi, 80 F.3d 1074, 1078 (5th Cir. 1996). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 595.

Furthermore, as Plaintiffs posit, it has been established that "Daubert does not require that a party proffering expert testimony convince the court that the expert's assessment of the situation is correct, but rather, [a]s long as an expert's scientific testimony rests upon good grounds it should be tested by the adversary process-competing expert testimony and active cross-examination-rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." United States v. Perocier, 269 F.R.D. 103, 107 (D.P.R. 2009) (*citing* Ruiz–Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998)). Therefore, the district court's analysis must be flexible, not rigid, and must ensure that expert testimony is relevant. Daubert, 509 U.S. at 592. Besides establishing relevancy,

the Court must also ensure that the expert opinion is sufficient and reliable. Carrelo v. Advanced Neuromodulation Sys., Inc., 777 F. Supp. 2d 315, 318 (D.P.R. 2011)

Turning to the instant case, Ms. Cooke is clearly qualified as an expert witness because of her knowledge, skill, and experience and training, as her *Curriculum Vitae* clearly establishes. Ms. Cooke has rendered services in a multitude of cases as an equine expert, both for plaintiffs and defendants. Because of this, her testimony will most definitely help the trier of fact better understand the relevant issues in this case.

A review of Ms. Cooke's expert witness report shows her to have relied on a voluminous amount of documents including, but not limited to: the complaint and answer thereto, several deposition transcripts, Defendants' answers to interrogatories, incident reports, site inspection drawings, photographs, and contemporaneous videos of the trail ride in question and the accident shot by Plaintiffs. It seems she has examined the universe of documents in this cases from which to obtain information and there seems to be nothing else left to examine. Therefore, Defendants cannot say that Ms. Cooke's testimony is based on insufficient facts.

Defendants aver that some of her conclusions are in direct contradiction to testimony offered (primarily that of Christian Sierra, one of the tour guides) as a basis to argue that her conclusions are faulty and as a reason for excluding her testimony. Defendants forget that it is not the province of the Court, rather of the jury, to evaluate conflicting statements and give them their appropriate probative value. This is precisely the kind of issue that falls squarely within the jury's province. It will be up to the jury to evaluate Ms. Cooke's testimony and expert witness report, and resolve this issue one way or the other. See Carrelo 777 F. Supp. 2d at 318-19 (a challenge to the factual

underpinnings of an expert opinion is a matter that affects the weight and credibility of the testimony and is a jury question) *citing* United States v. Vargas, 471 F.3d 255, 264 (1st Cir. 2006) and Int'l Adhesive Coating Co. v. Bolton Emerson Int'l, Inc., 851 F.2d 540, 545 (1st Cir. 1988)).

This reasoning also applies to Defendants' contention that Ms. Cooke did not know a number of things relevant to this case, such as the alleged "chongo" breed and the availability and use of certain equipment locally, among others. It also applies to Defendants' argument that Ms. Cooke was "excluded" from testifying in court in a case in California. A cursory reading of that case, Azad v. Mill Creek Equestrian Ctr., Inc., No. B169611, 2004 WL 2850009 (Dec. 1, 2004), shows, as Plaintiffs correctly point out, that Ms. Cooke was not excluded from testifying in that case. Rather, the Court found that her expert report failed to establish gross negligence, which was the only remaining cause of action in the case. Whether that situation may help Defendants during the trial is not for this Court to determine at this stage, but is a matter entrusted to the jury as part of its fact-assessment duty. All these arguments go to the weight of Ms. Cooke's testimony, not its admissibility.

Regarding the reliability of principles and methods, some types of expert testimonies will be more objectively verifiable, and subject to the expectations of falsifiability, peer review, and publication, than other, non-scientific testimony. Indeed, some types of expert testimonies will not rely on anything like a scientific method, and will thus have to be evaluated by reference to other standard principles attendant to the particular area of expertise. It is therefore the job of the trial judge to determine whether proffered expert testimony is properly grounded, well-reasoned, and not speculative

before it can be admitted. See *e.g.*, American College of Trial Lawyers, *Standards and Procedures for Determining the Admissibility of Expert Testimony after Daubert*, 157 F.R.D. 571, 579 (1994) ("[W]hether the testimony concerns economic principles, accounting standards, property valuation or other non-scientific subjects, it should be evaluated by reference to the 'knowledge and experience' of that particular field.").

Here, as an expert in the equine field, Ms. Cooke offered her conclusions as to the cause of the accident, after evaluating the totality of the evidence before her. The Court cannot say that her conclusions are irrelevant or unreliable, insofar as they seem properly grounded, well-reasoned, and are clearly based on the evidence she examined and her knowledge and long experience in the equine field. That is all the Court needs to analyze as part of its gatekeeping function, and enough to clear this initial hurdle. Whether or not Ms. Cooke's opinions and conclusions will ultimately sway a jury remains a matter to be assessed at trial by the jury, as the trier of the facts.

Finally, regarding the issue of causation, Defendants posit that Ms. Cooke's report fails to establish causation for the fall. However, a review of her report shows that she plainly states that "... many of the customary routines in place at Hacienda Madrigal regarding the rental horse business, directly caused and/or contributed to the accident suffered by Adriana N. Torres". Docket No. 78-1, p. 5. Defendants' argument regarding causation is therefore inapposite.

## CONCLUSION

For all the aforementioned reasons, Defendants' "Motion to Exclude the Testimony of Jill Cooke" (Docket No. 78) is DENIED.

IT IS SO ORDERED.

Alberto Torres, et al v. Hacienda Madrigal, Inc., et al
Civil No. 15-1629(CVR)
Opinion and Order
Page 6

In San Juan, Puerto Rico, on this 6th day of June, 2016.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE